# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

May 19, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08
```

Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   United States v. Christopher Ready
      08 Cr. 11 (CM)

Your Honor:

Christopher Ready, just turned 19-years old, is scheduled to be sentenced by the Court on May 22, 2008, following his plea of guilty to one count of Possessing a Firearm while Subject to a Domestic Restraining Order, in violation of Title 18, U.S.C. § 922(g)(8). The sentencing guideline range for Mr. Ready's Offense is 10-16 months imprisonment, based on a Criminal History Category of I and an adjusted offense level of 12. At the time of sentencing, Mr. Ready will have been in pre-trial custody for approximately 8 months and one week. Because Mr. Ready has reached a critical juncture in his life and would benefit far more from work and school than further time in jail, we strongly urge the Court to impose a sentence of time served with appropriate conditions of supervised release that include a requirement of either maintaining full-time employment or being enrolled in a full-time educational program.

## STATEMENT OF FACTS

Christopher Ready is a very young man who has never previously been convicted of any criminal offense. He is the only child of Archie Sellers and Dolores Ready. Mr. Ready's parents are married and live together in the Bronx, New York. His father works for the MetroNorth Railroad while his mother is employed as a nurse's aide.

Honorable Colleen McMahon  
United States District Judge  
Southern District of New York  

May 19, 2008  
Page 2  

**Re:**   **United States v. Christopher Ready**  
        **08 Cr. 11 (CM)**  

      Mr. Ready grew up in an intact home environment. He describes his relationship with his mother as "perfect," but notes that his father would often yell at him. PSR, par. 34. Although his parents are not rich, they provided him with all the necessities and would buy him high quality clothing.

      Mr. Ready's life seems to have taken a turn for a worse once he began high school. He attended Adlai Stevenson High School in the Bronx. There, he became involved in numerous fights, which he attributes to other students being jealous over the expensive clothes his parents gave to him. PSR, par. 33. In 2006, Mr. Ready dropped out of high school because the school wanted him to file police reports about the fights he was having as a condition of providing him with a "safety transfer." PSR, par. 43.

      Dropping out of school was not a good idea for Mr. Ready as he did not have a job or other activities to give his life much structure. His mother observes that her son is a "good kid" who "started to change after he began hanging out with the wrong kind of people." This behavior seems to have commenced around the time Mr. Ready left high school.

      In 2005, a son, Camren Christopher Ready, was born to Mr. Ready and his girlfriend, Chantel Johnson. Camren is now three and lives with his mother, who works at a Popeye's Restaurant. Mr. Ready maintains a good relationship with his son and, before he went to jail for this offense, would see his son on the weekends.

      Unfortunately, Mr. Ready and his girlfriend became involved with each other and had a child well before they were mature enough for such a relationship. Mr. Ready was not in a position to support his son because he did not have a job. Nor, were the two prepared to get married to each other.

      Not surprisingly, difficulties soon developed between Ms. Johnson and Mr. Ready. Mr. Ready began to suspect that Chantel was having a relationship with one of his best friends. Arguments ensued and, on one occasion, in March of 2007, Ms. Johnson accused Mr. Ready of threatening her with violence. PSR, par. 31. As a result, a domestic restraining order was issued against Mr. Ready.

      On a more positive note, Mr. Ready's mother will welcome her son back to her home once he is released from jail. PSR, par. 37. Mr. Ready, for his part, is anxious to get on with his life and is particularly obtaining some further education and training so that he can obtain gainful employment.

Honorable Colleen McMahon            May 19, 2008
United States District Judge          Page 3
Southern District of New York

Re:   <u>United States v. Christopher Ready</u>
      08 Cr. 11 (CM)

      In September of 2007, Mr. Ready acquired a cheap handgun. Shortly thereafter, on September 16, 2007, Mr. Ready was arrested by New York City Police officers while standing with a group of young men. The officers observed Mr. Ready drop a gun on the ground as they approached the group. Mr. Ready immediately acknowledged his responsibility for the gun and pled guilty before this Court less than two months after the instant charges were filed against him.

      The sentencing guideline range for Mr. Ready's offense is 10-16 months imprisonment, based on an adjusted offense level of 12 and a Criminal History Category of I. PSR, par. 50. This sentencing range places Mr. Ready in Zone C of the sentencing guidelines. Accordingly, Mr. Ready is eligible for a guideline sentence of as little as 5 months imprisonment and five months home confinement. However, because Mr. Ready has not been able to satisfy the terms of his bail, he has already been in jail for more than 8 months.

## ARGUMENT

### MR. READY SHOULD RECEIVE A SENTENCE OF TIME-SERVED IN JAIL TOGETHER WITH CONDITIONS OF SUPERVISED RELEASE THAT REQUIRE HIM TO MAINTAIN EMPLOYMENT AND/OR BE ENROLLED IN A FULL-TIME EDUCATIONAL PROGRAM

      Christopher Ready, who has never previously been convicted of any crime, has spent more than eight months in jail for possessing a handgun while under the terms of a domestic restraining order. At this point, Mr. Ready has served a considerably longer sentence than the minimum term dictated by the sentencing guidelines. The Court should impose a sentence of time served coupled with a term of supervised release because the amount of time Mr. Ready has already served is sufficient incarceration to satisfy all of the goals of sentencing set forth in Title 18, U.S.C. § 3553(a).

      The Court's ultimate task in imposing sentence is to fashion a punishment that is "sufficient, but not greater than necessary" to achieve the various goals set forth in Title 18, U.S.C. Sec. 3553(a). Given Mr. Ready's age, his background, his lack of a criminal record, and his imperative need to obtain a job and further education, a sentence of time served is warranted. Mr. Ready is not a hardened criminal or a danger to the community. Rather, he is a young man with potential who has drifted into choppy waters because of a lack of structure to his life. There is no question that Mr. Ready badly needs to do something more than just hang out with dubious

Honorable Colleen McMahon  
United States District Judge  
Southern District of New York  

May 19, 2008  
Page 4

Re: <u>United States v. Christopher Ready</u>  
    08 Cr. 11 (CM)

"friends." Particularly given that he has a young son who requires his emotional and financial support, it is crucial that Mr. Ready obtain a job as soon as possible and also pursue further education that will give him the chance at a more productive life.

Keeping Mr. Ready in jail for a few more months (as the Probation Office recommends) will not foster any useful goals. The time in jail Mr. Ready has already served is more than the minimum guideline sentence and is surely adequate for purposes of both deterrence and achieving respect for the law. At this juncture, neither society nor Mr. Ready will benefit from him spending yet more time in the company of other accused and/or sentenced law-breakers. A far more productive outcome, from every angle, would be to order Mr. Ready's release from prison, while imposing terms of supervised release that ensure that he does not subside back into the somewhat aimless life-style he was leading prior to his imprisonment. Appropriate terms of supervised release might include a requirement that Mr. Ready be engaged in full-time employment and/or educational pursuits. Finally, a sentence of time-served will effectuate the goals of sentencing because Mr. Ready does have a child, a home and a mother who are waiting for his return.

### CONCLUSION

For the foregoing reasons, the Court should impose a sentence of time-served in jail together with appropriate conditions of supervised release.

Respectfully submitted,

Mark B. Gombiner  
Attorney for Christopher Ready

cc: A.U.S.A. Jason Smith