

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 19, 2008

**BY HAND**

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 640
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08
```

    Re:    **United States v. Christopher Ready,**
            **08 Cr. 11 (CM)**

Dear Judge McMahon:

        The Government respectfully submits this letter in advance of the defendant's sentencing in this matter, which is currently scheduled for May 22, 2008, at 10:00 a.m. The United States Probation Department ("Probation Department"), in its Presentence Investigation Report ("PSR"), states that the applicable United States Sentencing Guidelines ("Guidelines") range is 10 to 16 months' imprisonment. For the reasons that follow, the Government respectfully submits that a sentence within the applicable Guidelines range would be sufficient, but not greater than necessary, to meet the legitimate purposes of sentencing.

## Background

**A.**    **The Offense Conduct**

        On September 16, 2007, an officer of the New York City Police Department ("NYPD") was on foot patrol with other NYPD officers, on the grounds of the Mott Haven housing project in the Bronx, when he saw a handgun fall from the defendant's pants leg to the ground. PSR ¶¶ 5-6. The defendant retrieved the gun, put it in his waistband and tried to walk away from the officers. PSR ¶ 6. The officers stopped the defendant and recovered a .22 caliber RG Industries revolver that he had been carrying. PSR ¶¶ 7-8. The defendant ws arrsted for illegally possessing the gun.

        At the time that he was arrested for possessing the gun, the defendant was subject to a domestic violence restraining order which prohibited him from, *inter alia*, harassing, stalking, or threatening the mother of his child, or from engaging in other conduct that would place the mother of his child in reasonable fear of bodily injury. *See* PSR ¶¶ 10-11. The restraining order

Hon. Colleen McMahon
May 19, 2008
Page 2 of 5

was issued in connection with a case in which the defendant was alleged to have threatened to kill the mother of his child while brandishing a gun at her. *See* PSR ¶¶ 10, 30, 31. The restraining order, by its terms, explicitly prohibited the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury to the child's mother. The restraining order was issued after a hearing of which the defendant had actual notice and at which he had an opportunity to participate. PSR ¶ 10.

**B.    The Indictment and Guilty Plea**

On January 2, 2008, the defendant was charged in a one-count Indictment based on the above-referenced conduct. The Indictment charged the defendant with possessing a firearm while being subject to a domestic violence restraining order, in violation of Title 18, United States Code, Section 922(g)(8).

On February 22, 2008, the defendant pleaded guilty before United States Magistrate Judge Frank Maas and Judge Maas recommended that this Court accept the defendant's plea. In his plea allocution, the defendant stated, in sum and substance, that on September 16, 2007, he possessed an illegal handgun while being subject to a restraining order that prevented him from harassing or threatening the mother of his child, and which was issued after a proceeding of which he had actual notice and at which he had an opportunity to participate. Feb. 22, 2008 Tr. at 11-12. On March 18, 2008, this Court entered an Order accepting the defendant's guilty plea.

**C.    The Probation Department's Recommended Sentence**

In the PSR, the Probation Department calculates a Guidelines range of 10 to 16 months, which reflects a total offense level of 12 and a Criminal History Category of I. *See* PSR ¶¶ 26, 29, 50. That range matches the Government's calculation in the *Pimentel* letter submitted to defense counsel. *See* PSR ¶ 4.

The Probation Department's calculation relies on a base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(A), reflecting that the defendant was prohibited from possessing a firearm at the time of the offense. *See* PSR ¶ 17. The Probation Department also grants the defendant a two-level decrease for acceptance of responsibility. *See* PSR ¶ 23.

The Probation Department recommends a term of imprisonment of 12 months, followed by a 3-year term of supervised release. *See* PSR at p. 14. The Probation Department further recommends a $100 special assessment and no fine. *Id.*

Hon. Colleen McMahon
May 19, 2008
Page 3 of 5

## Discussion

The Government believes that, in this case, a sentence falling within the applicable Guidelines range of 10 to 16 months' imprisonment would be sufficient, but not greater than necessary, to comply with the specified purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Although the Guidelines are no longer mandatory, the United States Court of Appeals for the Second Circuit has instructed district judges to consider them "faithfully" when sentencing. *United States* v. *Crosby*, 397 F.3d 103, 114 (2d Cir. 2005). "*Booker* did not signal a return to wholly discretionary sentencing." *United States* v. *Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006); *see also Crosby*, 397 F.3d at 113 ("[I]t is important to bear in mind that *Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge."). Indeed, the Second Circuit has held that the Guidelines range for a particular defendant is "a benchmark or a point of reference or departure" when considering a particular sentence to impose. *United States* v. *Rubenstein*, 403 F.3d 93, 98-99 (2d Cir. 2005). Thus, as the Supreme Court recently stated: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

As the Second Circuit has also explained, a "sentencing judge's decision to place special weight on the recommended guideline range will often be appropriate, because the Sentencing Guidelines reflect the considered judgement of the Sentencing Commission, are the only integration of multiple [§ 3553(a)] factors, and, with important exceptions, . . . were based upon the actual sentences of many judges." *Rattoballi*, 452 F.3d at 133. The Supreme Court made a similar observation in *Rita* v. *United States*, 127 S. Ct. 2456 (2007), where it noted that the Guidelines have been written, in accordance with applicable statutory directives, to achieve "the basic aims of sentencing" set forth in 18 U.S.C. § 3553(a). 127 S. Ct. at 2463-64 ("The result is a set of Guidelines that seek to embody the § 3553(a) considerations, both in principle and in practice."); *id.* at 2464 ("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with many others in the law enforcement community over a long period of time to fulfill [its] statutory mandate."). *See also Gall*, 128 S. Ct. at 594 ("[E]ven though the Guidelines are advisory rather than mandatory, they are, as we pointed out in *Rita*, the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions.").

In the present case, there is no reason to deviate from the advisory Guidelines range which reflects the considered judgment of the Sentencing Commission, after examining "tens of thousands of sentences and work[ing] with the help of many others in the law enforcement community over a long period of time" in an effort to fulfill the same objectives set out in Section 3553(a). *Rita*, 127 S. Ct. at 2464. The Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice," and accordingly, they "reflect a rough

Hon. Colleen McMahon
May 19, 2008
Page 4 of 5

approximation of sentences that might achieve § 3553(a)'s objectives." *Id.* at 2463. Indeed, in this case a sentence within the Guidelines range would be sufficient, but not greater than necessary, to comply with several specified purposes of sentencing. As set forth in Section 3553(a), during sentencing a court must take into consideration "the history and characteristics of the defendant," in addition to the "nature and circumstances of the offense." Here the defendant possessed a loaded firearm while he was subject to a domestic violence restraining order which explicitly prohibited him from doing so. *See* Feb. 22, 2008 Tr. at 12. Through his disregard not only for the various statutes which prohibited him from having a gun, but also for the explicit terms of that restraining order, the defendant has demonstrated a clear unwillingness to abide by the law. This is particularly relevant because the defendant certified on numerous occasions, when the restraining order was renewed during the pendency of the domestic violence proceeding, that he knew he was not allowed to possess a gun. Indeed, the defendant's September 16, 2007 arrest came just days after his most recent certification to that effect. As a general matter, the Guidelines base offense level reflects the serious nature of the offense of possession of a firearm by a person subject to a domestic violence restraining order. That range is especially appropriate where, as here, the restraining order was issued after the defendant was accused of using a gun to threaten his domestic violence victim. *See* PSR ¶ 31.

      A sentence within the Guidelines range would comply with other specified purposes of sentencing as well. A Guidelines sentence would provide an appropriate level of deterrence for this defendant. 18 U.S.C. § 3553(a)(2)(B). A Guidelines sentence also would protect the public from further crimes of this defendant, who, through his possession of a loaded gun has demonstrated that he may be a real danger to the community. 18 U.S.C. § 3553(a)(2)(C). In particular, the fact that the defendant was caught by police after dropping a loaded gun in the vicinity of other people. This reflects the danger that the defendant presented to the community in addition to the danger suggested by the allegation that the defendant had previously threatened his child's mother with a handgun. Finally, the Guidelines range treats the defendant similar to others convicted of the same crime with the same history, thereby avoiding "unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6).

Hon. Colleen McMahon
May 19, 2008
Page 5 of 5

## Conclusion

    For the foregoing reasons, the Government respectfully submits that the defendant should be sentenced to a term of imprisonment within the applicable Guidelines range of 10 to 16 months.

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney

By: _____
    Jason B. Smith
    Assistant United States Attorney
    Tel.: (212) 637-1026
    Fax: (212) 637-2527

cc by fax:    Mark B. Gombiner, Esq.
               (212) 571-0392 (fax)